IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA,

        Plaintiff,

vs.                                     CIVIL NO.  02-1002 MV/LFG-ACE

DAVID SKLAR and the
BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Defendants' Motion for Protective Order [Doc. 23]. Defendants seek the Court's order protecting their attorney, Elizabeth Staley ("Staley"), from having her deposition taken by Plaintiff Patrick J. Baca ("Baca"). Baca seeks to take Staley's deposition, contending that she has information relevant to Baca's claims and can corroborate his contentions. Baca identified Staley as a trial witness, *see* Initial Pretrial Report [Doc. 16, p. 9], contending that he reported an illegal funding scheme to her, that Staley responded vehemently that the scheme was not legal, and that based on her prior knowledge, she was not surprised to hear that her clients were trying to "skirt procurement law."

Staley is an associate counsel for the University of New Mexico and is assigned to work with the University's School of Medicine and Health Sciences Center. In conjunction with the Motion for Protective Order, Staley submits an affidavit which indicates that as part her responsibilities, she

provides the School of Medicine and Health Sciences Center with legal counsel and advice on matters related to employer-employee relations and human resources, compliance with federal and state employment and civil rights laws, the New Mexico Procurement Code and related employment and contract matters.

Staley further states that during the course of her employment as University counsel, she gave legal advice to her client concerning Baca's relations with management and other employees, and complaints made by Baca against the University. She also assisted in the related investigation performed by the University's Office of Equal Opportunity.

At present, Staley is an assistant trial counsel in the case at bar and has participated with her colleagues in trial preparation, identification of and interviews with witnesses, identification and collection of documents and trial exhibits, development of trial strategy, and preparation of witnesses for deposition. Defendants object to the deposition, contending that Baca seeks to inquire into areas protected by attorney-client privilege.

**Analysis**

The risk here is that Baca's intention to call Staley as a witness may disqualify her as counsel in this case. New Mexico's Rules of Professional Conduct prohibit a lawyer from serving as an advocate at a trial in which the lawyer is likely to be a necessary witness. Rule 16-307 NMRA 2002. Disqualifying a party's attorney from appearing as an advocate in a proceeding affects fundamental rights, including the right to be represented by counsel of one's choice. F.D.I.C. v. United States Fire Ins. Co., 50 F.3d 1304, 1314 (5th Cir. 1995). Because of the significant harm to Defendants that can occur if their attorney of choice is disqualified, courts approach issues of this nature with caution and circumspection. It would be improper, for example, for a party to name an opponent's attorney as

a witness with the intent to disqualify the attorney from serving as an advocate at trial. Thus, when a potential disqualification issue is occasioned by an opponent, considerable caution must be utilized to prevent an injustice. Id. at 1316.

In this case, Baca contends that he does not seek to invade any attorney-client privilege. Rather, he maintains that Staley's testimony is necessary because she can corroborate matters that were discussed at group meetings, and is also the individual to whom Baca is alleged to have reported an illegal funding practice.

The fact that Staley is an attorney does not insulate from discovery her information or, indeed, all of her communications with her client. No special privilege or immunity shields a person from being deposed simply because she or he is an attorney. Casper v. Welch Food, Inc., 105 F.R.D. 4, 6 (W.D.N.Y. 1984); *See, e.g.,* Cuno, Inc. v. Pall Corp., 121 F.R.D. 198, 204 (E.D.N.Y. 1988); Standard Charter Bank PLC v. Ayala Intern. Holdings, 111 F.R.D. 76, 80 (S.D.N.Y. 1986). For example, facts are not privileged. Hickman v. Taylor, 329 U.S. 495, 508, 67 S. Ct. 385 (1947). However, it is equally clear that discovery from a party's attorney is proscribed by the limits of the attorney-client privilege. In Re Penn Central Commercial Paper Litigation, 61 F.R.D. 453, 463 (S.D.N.Y. 1973).

Because Staley may be disqualified as serving as assistant trial counsel in this case if she becomes a witness, the Tenth Circuit has imposed significant strictures on a party's ability to take an opposing party's counsel's deposition. Boughton v. Cotter Corp., 65 F.3d 823 (10th Cir. 1995). In Boughton, the Tenth Circuit adopted and approved the Eighth Circuit's analysis in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986). Thus, the Court is required to apply the Shelton standards.

In accordance with Shelton, the deposition of opposing counsel should be limited to those circumstances where the party seeking the deposition has shown,

> [t]hat (1) no other means exist to obtain the information than to depose opposing counsel [citation omitted]; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case.

Id. at 805 F.2d 1323-1327.

Here, Baca is unable to demonstrate that no other means exist to obtain some of the corroborative information than to depose Staley. To obtain information concerning what was discussed at meetings, Baca is free to depose any of the other meeting participants, and, indeed, has done so. Thus, Baca may not take the deposition of Staley solely for the purpose of obtaining corroborating information, as the functional equivalent of that information is readily available from sources that would not result in disqualification of Staley as trial counsel.

Baca argues that he does not wish to invade the attorney-client privilege, but it is clear that some of the information he seeks may well fall into the category of privileged communications. Therefore, to the extent that Baca is seeking disclosure of information intended to be confidential or information that is generally considered to be protected by the attorney-client privilege, the Defendants' motion should be granted.

If Baca contends that his allegedly protected speech was presented to Staley, and if there were no other witnesses to the incident, then Baca may indeed depose Staley in the attempt to corroborate this factual allegation. Defendants recognize this and concede that Baca may have a right to a limited deposition for purposes of inquiring what Baca is alleged to have told Staley, as well as information relating to the alleged protected speech.

4

The Court will grant in part and overrule in part Defendants' motion for protective order. The Court grants the motion to the extent that Baca seeks to invade the attorney-client privilege; the Court overrules the motion to the extent that Baca seeks to obtain factual information and corroborate his assertions of free speech. Because facts themselves are not privileged, it will be necessary for counsel to further develop the claim of privilege at a later date.

Normally, instructions not to answer questions during the course of a deposition are inappropriate. However, an exception exists when an attorney instructs a deponent not to answer for purposes of preserving a privilege. American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173 (D. Mass. 1985). Thus, should defending counsel determine that Baca seeks privileged information, defending counsel may instruct Staley not to answer the questions. In American Hangar, the court stated:

> This rule means that, as a general rule, instructions not to answer are improper. The only exceptions are those canvassed in the recent case of International Union of Elec., Radio & Mach. Workers, AFL-CIO et al. v. Westinghouse Elec. Corp., 91 F.R.D. 277 (D.D.C. 1981) and deal with questions which seek information in the form of trade secrets and privileged information. Even in the case of questions of this type, it is the duty of the attorney instructing the witness not to answer to immediately seek a protective order. Id. at 980 n. 4.

American Hangar, 105 F.R.D. at 174.

It is the Defendants' responsibility to demonstrate the existence of a privilege. Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656 (10th Cir. 1984); In re Grand Jury Proceedings, 697 F.2d 277, 279 (10th Cir. 1983). Should the Court determine that Defendants established a privilege, it will uphold an instruction not to answer. However, if the Court concludes that Defendants failed to demonstrate the existence of a privilege or that the question put to Staley did

not seek to obtain privileged information, the Court will overrule the privilege objection, may direct a new deposition proceed, and will require Staley to answer non-privileged questions relevant to the claims or defenses.

Therefore, should defense counsel instruct Staley not to answer, it will be incumbent on Defendants to immediately seek a protective order on the specific question and objection.

IT IS ORDERED that Defendants' motion is granted in part and denied in part.

                                                    _____
                                                    Lorenzo F. Garcia
                                                    United States Magistrate Judge