IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA,

           Plaintiff,

vs.                                                CIVIL NO.  02-1002 MV/LFG-ACE

DAVID SKLAR and the
BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

           Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## PLAINTIFF'S FIRST MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's First Motion to Compel [Doc. 25]. Defendants filed their response in opposition. Plaintiff Patrick J. Baca ("Baca") did not to reply. Oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Background

Baca alleges unlawful employment discrimination and retaliation in violation of his federally protected rights. Baca contends that he refused to go along with Defendants' allegedly illegal funding scheme to direct public funds to pre-selected vendors through the University's Center for Injury Prevention Research and Education ("CIPRE"). And, after reporting these financial abuses, he was the victim of retaliation from Defendant Sklar and that Sklar curtailed and circumvented Baca's authority, cut back on Baca's responsibilities, unfairly and unlawfully disciplined him, and threatened him with further retaliation if he did not resign. Baca alleges that Sklar's abusive actions were ratified and affirmed by the University, and that all this conduct lead to Baca's separation from employment.

**Present Motion**

The present motion concerns objections to formal discovery. Baca requests that the Court order Defendants to respond fully to Interrogatory No. 15 and Requests for Production 2, 12, 19 and 20.

**Interrogatory No. 15 and Request for Production No. 19**

<u>Interrogatory No. 15</u> asks Defendants to identify any possible or contemplated trial exhibits, and <u>Request for Production No. 19</u> asks Defendants to produce them. This interrogatory and document request is not intended to require Defendants to identify and produce exhibits and documents Defendants will actually use at trial. Those have been or will be produced as required by Rule 26 disclosures. Rather, this interrogatory and document request are aimed at those documents and exhibits that Defendants consider using at trial, but which were ultimately rejected. Baca argues that this interrogatory is necessary, as Fed. R. Civ. P. 26 initial disclosure requirements no longer compel a party to disclose the identity of all documents relevant to claims or defenses, but now only requires disclosure of the documents and things which the party will use in the prosecution of a claim of defense.

Defendants oppose this request, saying that listing and producing each document or thing examined or considered as a possible trial exhibit in effect requires counsel to disclose his "mental impressions, conclusions, opinions, or legal theories," and that such information is protected from discovery.

The Court agrees that a request to produce "any and all documents or things examined or considered by you for possible use . . ." is intrusive. In <u>Hickman v. Taylor</u>, 329 U.S. 495, 510-11, 67 S. Ct. 385, 393 (1947), the Court stated:

2

> In performing his various duties, however, it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel. Proper preparation of a client's case demands that he assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference. That is the historical and the necessary way in which lawyers act within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.

A request similar to Baca's was considered and rejected by the Eighth Circuit in <u>Shelton v. American Motors Corp.</u>, 805 F.2d 1323 (8th Cir. 1987). In that case, plaintiff took the deposition of defendant's trial counsel and sought to learn of the existence or non-existence of various documents. The attorney deponent declined to answer on the grounds of privilege. Because the magistrate judge determined that the information was not protected, the judge recommended the entry of a default judgment against the defendant. On appeal, the Eighth Circuit reversed, holding:

> where, as here, the deponent is opposing counsel and has engaged in a process of selecting and compiling documents in preparation for litigation, the mere acknowledgment of the existence of those documents would reveal counsel's mental impressions, which are protected as work product.

<u>Id.</u>, at 1329.

There is little difference between what Baca seeks in this request and what the plaintiff sought in <u>Shelton</u>. Since the determination of what documents may have utility as trial exhibits is reserved to counsel, it would require counsel to disclose what documents may have been considered and rejected as potential exhibits. The disclosure of this information would certainly require counsel to reveal mental impressions, conclusions, opinions and legal theories.

There is no doubt that Defendants are required to produce the documents which will be used as exhibits. What is sought here, however, are any and all items considered, and for whatever reason,

3

rejected by counsel as useful trial exhibits.  It appears that this is the very kind of situation addressed in Hickman v. Taylor where the United States Supreme Court reasoned that defense counsel should be permitted to work with a certain degree of privacy, free from unnecessary intrusion.

It is further significant that the Judicial Conference Committees on the rules of practice and procedure retreated from the 1993 Amendments to the Federal Rules of Civil Procedure, which contemplated disclosing the kind of information Baca seeks.  The Advisory Committee Notes provide:

> The Rule 26(a)(1) initial disclosure provisions are amended to establish a nationally uniform practice.  The scope of the disclosure obligation is narrowed to cover only information that the disclosing party may use to support its position . . . .  A party is no longer obligated to disclose witnesses or documents, whether favorable or unfavorable, that it does not intend to use.

Advisory Committee Notes to Rule 26(a)(1), 2000 Amendment.

The 2000 modification was made for a reason.  The Committee determined that the broad disclosure previously required in the 1993 amendments was inappropriate, interfered with an advocate's right to effectively represent a client, and lacked uniform applicability from district to district.  The rule change was intended to adopt a national, uniform standard.  *See* id.

Granting Baca's motion would, in effect, serve to void the Committee's decision to narrow the scope of discovery.  This narrowing of discovery is consistent with the goals of the Civil Justice Reform Act, 28 U.S.C. § 471 *eq. seq.*  Finally, allowing this discovery would inappropriately sanction a process that results in side stepping a discovery rule.  Thus, the Court sustains Defendants' objection to Interrogatory No. 15 and Request for Production No. 19.

**Request for Production No. 2**

Baca asks Defendants to provide the personnel files of Defendant Sklar, as well as the files of numerous witnesses, including Barbara Konrath, Jonathon La Valley, Cameron Crandall, Elaine Candelaria, Norma Faries, Jamie Michael and Lynn Fullerton-Gleason, redacting certain information, including social security numbers, transcripts and health information.

Defendants argue that Baca has not requested personnel files of similar situated employees, that is, program managers. Instead, Baca is requesting personnel files for all employees, including his supervisor, supervisor's assistant, employees he supervised, and two employees who have no relationship whatsoever to him. Defendants agree to produce the personnel files of employees who were similarly situated to Baca for purposes of comparison. *See* Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994), *cert. denied*, 515 U.S. 1159 (1995); Atkinson v. Denton Pub. Co., 84 F.3d 144 (5th Cir. 1996); Burzynski v. Cohen, 264 F.3d 611 (6th Cir. 2001).

In situations where a party contends that he was denied an employment benefit and seeks to compare himself to a similarly situated employee of a different race, gender or ethnicity who was granted that benefit, then the personnel file of the similarly situate employee is relevant. *See* Horizon Holdings LLC v. Genmar Holdings, Inc., 209 F.R.D. 208, 216 (D. Kan. 2002)(personnel files of other employees not discoverable absent showing that they were similarly situated to the plaintiff). In this case, however, Baca contends:

> Hispanics are disproportionately under-represented at the University School of Medicine. Mr. Baca was the only Hispanic program manager in the entire Department of Emergency Medicine. His forced resignation was motivated by his protected speech and his ethnicity/national origin. Upon information and belief, no Anglo program managers were mistreated this way.

5

Thus, at most, Baca contends that those with whom he should be compared are Anglo program managers. Clearly, their files would be relevant to determine if Anglo program managers who challenged allegedly illegal activities or who spoke out on issues of public concern were subjected to treatment comparable to Baca's. Therefore, to the extent that any of the employees identified are program managers, their files should be produced.[1]

The Court draws a distinction between named Defendant Sklar and the remaining employees. There may be information concerning claims by other minority employees that Sklar discriminated against them on some impermissible basis or retaliated against them for opposing illegal practices. The Court determines that Defendants' objections as they relate to Sklar (save for appropriately redacted information, such as social security numbers, health information, transcripts, personal and familial matters, etc.) should be produced.

Such is not the case with the remaining employees. Simply because they appear as witnesses does not grant Baca *carte blanche* access to information that is obviously private, personal and confidential. In the absence of Baca demonstrating that these employees are similarly situated to him for purposes of comparison, he has no right of access to their personnel files. Accordingly, the Court grants in part and denies in part Baca's Request for Production No. 2.

Sklar's personnel file shall be provided to Baca within ten days. To the extent any of the identified employees are program managers, their files, too, should be produced. No further production is required on the remaining employees.

---

[1] Baca did not file a reply and, therefore, Defendants' representations that none of these employees are similarly situated is un-rebutted.

**Requests for Production No. 12 and 20**

Baca seeks a complete and true copy of documents arising from the hiring of Jamie Michael to work at CIPRE, including postings, job description, funding level, list of applicants, interview and selection criteria, and records reflecting approval and selection of Jamie Michael for the CIPRE position. In addition, Baca seeks other documents relating to documents relating to Michael's hiring.

Defendants contend that the information was previously provided. As Baca filed no reply and did not challenge the representation, the Court determines that Defendants provided the documents requested. Thus, no additional documents need be produced in response to Request Nos. 12 and 20.

                                                    Lorenzo F. Garcia
                                                  United States Magistrate Judge