IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA
        Plaintiff,

v.                                                      CIV NO. 02-1002 MV/ACT

DAVID SKLAR, and the
BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Enforce the Court's Memorandum Opinion and Order entered February 19, 2003 (Doc. No. 57). Having reviewed the Motion, the memorandum in support, the exhibits and the responsive pleadings, the Court finds that the motion will be granted in part and denied in part. Another discovery motion, Plaintiff's Motion to Enforce the Court's Order entered April 23, 2003 has been resolved through mutual agreement of the parties and is now moot. (Doc. No. 79).

Plaintiff Patrick Baca deposed Liz Staley after the Court entered its order of February 19, 2003. Ms. Staley is associate counsel for the University of New Mexico and is assigned to work with the University's School of Medicine and Health Sciences Center. Knowing that Ms. Staley was going to be deposed, Defendants moved for a Protective Order. The Court granted the Motion for a Protective Order in part, ruling that to the extent the Plaintiff sought to invade the

attorney-client privilege, the Protective Order was granted. But to the extent the Plaintiff sought to obtain factual information and corroborate his assertions of free speech, the Motion for a Protective Order was denied.

Plaintiff Baca deposed Ms. Staley in March, 2003. She or her counsel invoked the attorney-client privilege several times during the deposition but did not seek a Protective Order as had been previously ordered by the Court. Plaintiff now seeks to have this Court order Ms. Staley to testify further about two matters to which she asserted the attorney-client privilege at her deposition: 1) the investigation she undertook on Mr. Baca's complaints and 2) a February 2002 meeting which was attended by Ms. Staley, Ms. Ramos, and others.

Plaintiff argues that the investigation Ms. Staley undertook on Mr. Baca's complaints is not privileged communication covered by the attorney-client privilege. Four elements are required to establish an attorney-client privilege. There must be 1) a communication, 2) between privileged persons, 3) made in confidence, and 4) for the purpose of seeking, obtaining, or providing legal assistance to the client. <u>Restatement of the Law 3rd, The Law Governing Lawyers</u> §68 (American Law Institute, 2000).

At her deposition, Ms. Ramos testified, "if I recall, the dean made the decision to have certain individuals that were there to follow up with Mr. Baca to obtain the information." And in response to the question whether Dr. Roth (the dean) assigned Ms. Staley to follow up, Ms. Ramos replied, "given that she had shared that she had had communications with him, she volunteered to touch base with him again." (Exhibit 10 to Doc. 57).

Ms. Staley testified in her deposition that she wrote a letter on February 7, 2002 to Mr. Baca asking him to provide her with as much information as possible about the contracts with

2

which he had concerns. (Exhibit 8 to Doc. No. 57). Ms. Staley did not hear from Mr. Baca after she sent the letter. She further testified that her role was to gather the information Mr. Baca had to provide, but not to conduct the investigation. The investigation was being done by Internal Audit with an assist from Health Sciences resources. Ms. Staley testified that she was one of the resources from Health Sciences along with Ms. Purge. (Exhibit 1 to Doc. No. 57).

Particularly relevant to this discovery request, Ms. Staley has already testified that she did not receive any information as a result of her role in the investigation. "Q. So what was the outcome, then of your information-gathering assignment? A. I don't believe it went any farther. I did not receive any documents from Mr. Baca, or any information, and reported that back." It appears that Plaintiff is seeking information that does not exist.

Nevertheless, by Ms. Staley's own testimony, her role in the investigation of Mr. Baca's complaints about the contracts was to gather information. If she now recalls any information or facts she may have gathered in the course of that investigation, those facts would not be subject to the attorney-client privilege and may be discovered by the Plaintiff. *United States v. Ackert*, 169 F. 3d 136, 139 (2d. Cir. 1999). Any advice she gave to the University, the School of Medicine, the Health Sciences Center or any of their agents, however, as result of gathering those facts, would be privileged because the advice would be a communication between an attorney and a client, made in confidence, for the purpose of providing legal assistance to her client. If Ms. Staley recalls, or is in possession of, any facts she gathered in the course of this investigation, she will send that information to the Plaintiff within ten days of this Order.

Plaintiff further requests that Ms. Staley be ordered to testify as to the meeting held in February 2002 because one of the participants at that meeting, Ms. Ramos, has already testified

about what was discussed at the meeting. Plaintiff argues that although Ms. Staley invoked the attorney-client privilege as to this meeting, that Ms. Ramos, by testifying to the discussions she recalls, has waived the attorney-client privilege. "The attorney-client privilege is waived if the client, ... or another authorized agent of the client voluntarily discloses the communication in a non-privilege communication." <u>Restatement of the Law 3rd, The Law Governing Lawyers</u> § 79 (American Law Institute, 2000). However, as the comments to the Restatement discuss, the waiver occurs only when a third party learns the substance of the privileged communications. It is not waived, either expressly or impliedly, when only non privileged portions of the communication are disclosed. *Accord, Quintel Corp. v. Citibank, N.A.*, 567 F. Supp. 1357 (S. D. N.Y. 1983).

After reviewing the deposition testimony of Ms. Ramos attached as Exhibit 10 to Plaintiff's Motion (Doc. No. 57), the Court finds that her testimony does not wander into the areas which were within the attorney-client privilege between Ms. Staley and her university client. Ms. Ramos testified as to who called the meeting, who attended the meeting, who did not attend the meeting, the purpose of the meeting and a decision made by Dean Roth to have certain individuals follow up on the issue of the contracts with which Plaintiff was concerned. Ms. Ramos also testified that Ms. Staley volunteered to touch base with Plaintiff. Lastly, she testified that nothing else happened at this meeting. None of this testimony involves privileged communications or communications between an attorney and her client, made in confidence for the purpose of obtaining or receiving legal advice. Therefore, the Court concludes that Ms. Ramos did not waive the attorney-client privilege which Ms. Staley has asserted as to privileged communications made during that February 2002 meeting. Ms. Staley will not be required to testify as to that meeting. Plaintiff's Motion concerning the waiver of the attorney-client privilege

in regards to the February 2002 meeting is denied.

The e-mails from Ms. Staley to Ms. Mullins were redacted from Defendant's Exhibit B to their Response to Plaintiff's Motion to Enforce Court Order of February 19, 2003 (Doc. No. 71) but were provided to the Court for *in camera* review. After reviewing the e-mails at issue, the Court finds that the redacted portions of the e-mails from Ms. Staley fall squarely within the attorney-client privilege and are therefore protected from disclosure. The Plaintiff's Motion to compel disclosure of these e-mails is denied.

## CONCLUSION

Plaintiff's Motion to Enforce the Court's Memorandum Opinion and Order entered February 19, 2003 is granted only to the extent that Ms. Staley may have acquired facts in the course of her assignment to contact Mr. Baca regarding his concerns about certain contracts or to play an information-gathering role in the investigation. If Ms. Staley now recalls facts obtained in her limited role in the investigation, the Defendants are ordered to submit that information by affidavit signed by Ms. Staley within ten days of this Order. The remaining portions of this Plaintiff's Motion are denied. Plaintiff's Motion to Enforce the Court's Order entered April 23, 2003 has been resolved through mutual agreement of the parties and is now moot.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE