IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA,

    Plaintiff,

vs.                                                                                  No. CIV 02-1002 JB/ACT

DAVID SKLAR and the
BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion for Partial Relief from Judgment, filed February 25, 2005 (Doc. 108). The Court held a hearing on this motion on April 8, 2005. The primary issue is whether the Court should reverse its Judgment, filed February 16, 2004 (Doc. 105), remanding all state claims to the Second Judicial District Court of Bernalillo County, New Mexico. Because reversing its decision presents preclusion and jurisdiction issues, and because it is not practical at this point to bring the state law claims back to federal court, the Court will deny the Defendants' motion.

## PROCEDURAL BACKGROUND

Baca filed his Complaint in the Bernalillo County District Court on May 2, 2002. Baca brought seven claims against the Defendants: Counts I - IV are for discrimination under 42 U.S.C. § 1981, § 1983, Title VII, and the New Mexico Human Rights Act, respectively; Count V is for aiding and abetting under the New Mexico Human Rights Act; Count VI is for First Amendment retaliation under § 1983; and Count VII is a state law claim for Retaliatory Discharge.

Pursuant to the Defendants' motion for summary judgment, the Court dismissed all of Baca's federal claims and remanded the state law claims to Bernalillo County District Court by Judgment filed January 16, 2004.  The Court would probably not have remanded the state law claims had it not dismissed the federal claims.

By partial summary judgment filed September 1, 2004, the Bernalillo County District Court dismissed Baca's claims of "aiding and abetting" brought under the New Mexico Human Rights Act and Baca's claim of retaliatory discharge.  It denied the Defendants' motion with respect to the claim of discrimination under the State Human Rights Act.  On November 5, 2004, Baca filed a First Amended Complaint in state court that added claims of breach of contract by retaliation and failure to comply with disciplinary procedures, and breach of the covenant of good faith and fair dealing.

By decision filed February 16, 2005, the United States Court of Appeals for the Tenth Circuit affirmed the Court's judgment dismissing the federal claims of discrimination, but reversed the decision dismissing the § 1983 claim of First Amendment retaliation.  See Baca v. Sklar, 398 F.3d 1210, 1213 (10th Cir.).  In that decision, the Tenth Circuit directed that the Court reconsider its decision to remand the state law claims:  "Because we remand Baca's First Amendment retaliation claim, the district court should reconsider its decision to decline supplemental jurisdiction over Baca's state law claims.  Id. at 1222 n.4.

There are now pending claims alleging: (i) § 1983 First Amendment retaliation in federal court; and (ii) breach of implied contract of employment by retaliation and failure to follow disciplinary procedures, and discrimination under the State Human Rights Act, in state court.  Pursuant to rule 60(b) of the Federal Rules of Civil Procedure and the Tenth Circuit's decision, the Defendants move the Court to reconsider and reverse its judgment remanding all state claims to the

Second Judicial District Court of Bernalillo County, State of New Mexico. Baca opposes this motion.

**LAW ON RULE 60(b)**

Rule 60(b)(5) of the Federal Rules of Civil Procedure authorizes the district court to relieve a party from final judgment or order where "a prior judgment upon which it was based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should prospective application." Subsection (6) allows relief for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "Rule 60(b) relief is only appropriate under extraordinary circumstances." Massengale v. Okla. Bd. of Exam'rs in Optometry, 30 F.3d 1325, 1330 (10th Cir. 1994).

**ANALYSIS**

The Defendants represent that the fact issues underlying the § 1983 First Amendment retaliation claim and the breach of implied contract of employment claims are the same: Whether the complaints of Procurement Code violations and impropriety in the hire of Jamie Michael were valid and whether the complaints were a cause of disciplinary and other actions taken by defendants, and of plaintiff's ultimate resignation. The Defendants argue that the Court, pursuant to rule 60(b), should reverse its decision to remand Baca's state law claims. Although the Court acknowledges that it would probably not have remanded the state law claims had it not dismissed the federal claims, because of the current status of the state law claims, the Court will not reverse its decision to remand.

The Court remanded the state claims on January 16, 2004. Since then, the Bernalillo County District Court has granted partial summary judgment, dismissing Baca's claims of aiding and abetting

under the State Human Rights Act and Baca's claim of retaliatory discharge. These state court decisions on state law claims, and the potential preclusion issues they raise, counsel that the Court should not reverse its decision to remand and bring these claims back to federal court.

Likewise, because of the Baca's new state law claims, the Court is reluctant to reverse its decision. Baca added to his Complaint, claims of breach of contract by retaliation and failure to comply with disciplinary procedures, and breach of the covenant of good faith and fair dealing. These claims were not part of the case when it was removed by Defendants and have never been before this Court. Reversing the Court's decision to remand raises jurisdiction issues with respect to these new state law claims. The Court is concerned that, even if it reverses its decision to remand, some of the state law claims will linger in state court.

Moreover, the Court believes that, for practical reasons, the claims in state court should remain there. Since January 2004, the parties have litigated in state court. They have taken deposition, completed discovery, and moved the case to the point of trial. The state court has heard and decided motions for summary judgment and allowed Baca to amend his Complaint. Because the state law claims have progressed so far in state court, the Court does not believe it would be practical to bring them to federal court.

The Court concludes that reversing its decision to remand presents preclusion and jurisdiction issues and is not practical at this point in time. The Court will deny the Defendants' motion. The Court will decline supplemental jurisdiction over the state law claims and will proceed with the First Amendment claim.

**IT IS ORDERED** that Defendants' Motion for Partial Relief from Judgment is denied.

        _____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kathryn A. Hammel
The Hammel Law Firm
Albuquerque, New Mexico

    *Attorney for Plaintiff Patrick J. Baca*

John M. Wells
Law Office of John M. Wells, P.A.
Albuquerque, New Mexico

    *Attorney for Defendants David Sklar and*
    *Board of Regents of the University of New Mexico*