IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA,

      Plaintiff,

vs.                                                         No. CIV 02-1002 JB/ACT

DAVID SKLAR and the
BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINON AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objections to Plaintiff's Proposed Voir Dire, filed August 5, 2005. The issue is whether the Court should allow the Plaintiff, Patrick J. Baca, to ask some of the questions that he sets forth in his proposed voir dire. With two modifications, the Court will overrule Defendant David Sklar's objections.

## PROCEDURAL BACKGROUND

Sklar objects to certain parts of Baca's proposed voir dire. Sklar requests that the Court prohibit or rephrase those portions of Baca's proposed voir dire.

Sklar first contends that some questions are designed to elicit argument: (i) Why do we have a First Amendment? (ii) Why is it first among the amendments? and (iii) Who decides how research money should be spent and who receives the money? The Court will overrule the objections to these questions; while the answer to these questions may echo arguments that Baca will make at the end of trial, they are still designed to elicit information about people's views on issues in this case. That is proper.

Sklar also objects that some questions are designed to elicit unsworn anecdotal evidence: (i) What would happen in society if people did not speak up? (ii) What is your opinion about the truthfulness of doctors based upon? (iii) What went into your decision whether or not to speak up? (iv) What advise would you give people who had to make decisions? (v) How should we protect people who "take a stand"? (vi) What about witness protection programs? and (viii) similar questions. Again, some questions may provide the prospective jurors with the opportunity to relate personal experiences, but that often occurs in voir dire. The Court will overrule this objection.

Finally, Sklar objects that the some questions are designed to elicit lay and opinion testimony regarding many of the questions at issue in this case. Again, it is common in voir dire for the Court and the parties to elicit opinions about matters. Such questions are often necessary to detect bias and prejudice, and to assist the parties in informatively exercising peremptory challenges. The Court will overrule the objection.

There are, however, two questions that the Court will modify. In section 2, Government money, Baca proposes to preface his questions with the statement that "he spoke out about how corruption in how money was being handled within the University of New Mexico School of Medicine." Baca should preface such statement in vior dire, and any similar statements, with the phrase "there will be evidence that . . . ." Of course, any statements to the jury must have a good faith basis that there will be supporting and admissible evidence introduced.

The Court has similar concerns about the statement under section 10, Mental Health, that indicates "[o]ne of the witnesses in this case is a woman cuts herself out of depression." Such statement should be made only if that will be relevant and admissible evidence in the case.

**IT IS ORDERED** that the Defendant's Objections to the Plaintiff's Proposed Voir Dire is

-2-

overruled.  The Plaintiff will modify his questions consistent with this order.

                                                   _____
                                                   UNITED STATES DISTRICT JUDGE

*Counsel:*

Kathryn Hammel
The Hammel Law Firm, P.C.
Albuquerque, New Mexico

      *Attorney for the Plaintiff*

John Wells
Law Offices of John M. Wells, P.A.
Albuquerque, New Mexico

      *Attorney for the Defendant*