IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA,

      Plaintiff,

vs.                                                                                                  No. CIV-02-1002
                                                                                                   JB/ACT

DAVID SKLAR and the
BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion in Limine, filed June 1, 2005 (Doc. 122). The Court held hearings on this motion on June 30, 2005 and July 15, 2005. At the June 30, 2005 hearing, the parties indicated that they were not prepared to discuss the Defendants' motion to exclude testimony of Carol Robertson Lopez. See Clerk's Minutes, filed July 15, 2005 (Doc. 131). The Court considered the motion to exclude Lopez' testimony at the July 15, 2005 hearing.[1] The Court issued an Order on August 8, 2005, ruling on the Defendants' Motion in Limine and indicating that it would address the motion to exclude Lopez' testimony in a separate opinion. The primary issue of this opinion is whether the Court should allow Lopez, a procurement officer with the New Mexico Highway Department, to testify as an expert on procurement in New Mexico. Because the Court concludes that Lopez' testimony is relevant and reliable, the Court will

---

[1] The Court previously denied as moot the Defendants' Motion in Limine to Exclude Testimony of Carol Robertson Lopez, filed May 12, 2003 (Doc. 59). See Order, filed January 14, 2004 (Doc. 103). After the United States Court of Appeals for the Tenth Circuit reversed the case for trial on the First Amendment issue, the Defendants filed their motion in limine, indicating that the matter needed to be decided before trial.

deny the Defendants' motion.

## BACKGROUND

Baca proposes to call Lopez as a fact witness and as an expert of procurement procedures and ethics. Lopez holds a B.S. in Secondary Education and an M.A. in Educational Management and Development. See Curriculum Vitae, at 1. She has no specialized training in the areas of procurement practices and ethics, but her formal education in the field of educational administration encompassed study of public finance and procurement. See Deposition of Carol Robertson Lopez 9:19-25, taken March 25, 2003 (hereinafter "Lopez Depo."); id. 11:1-13.

Lopez is the Procurement Services Bureau Chief for the New Mexico State Highway Department. See Curriculum Vitae, at 1. She has held that position since September 1991. See id. Lopez currently serves the City of Santa Fe as an elected official. She chairs the City Finance Committee and approves the City's procurement in that context. See id. at 108:22-25.

Lopez has been deposed numerous times and opined on procurement issues; she testified, however, as Procurement Services Bureau Chief rather than as a retained expert. See id. at 34:1 - 39:11. Lopez has not been qualified to testify as an expert witness in any court. See id. at 29:16-21. This case is the first in which she has been retained to express an opinion. See id.

Lopez relied on the information provided by Baca and her experience in forming her opinions.

> Q. So, then, what you have based your opinion on is based upon what you have learned from Mr. Baca, either directly or through his deposition, is that right?
>
> A. I think, yes. But also in addition, I would have to probably bring up my, you know, 12-plus years in procurement of just knowing the kind of things that can happen. And knowing what the kinds of issues that come up on the part of state agencies where, in order to expedite their funding and being able to expend money,

>   a lot of short-cuts are taken, and people look to the opportunity to go and contract with the University so that they don't have to comply with what the State requirements are.

Id. at 116:22 - 117:10.  Specifically, she reviewed initial disclosures, answers to interrogatories, responses to requests for production, depositions, and relevant contracts.  See Lopez' Expert Report.  Lopez also relied on some literature in support of her opinions.  See id. at 46-54:4 (listing Procurement Code and ethics, Procurement Code workshop booklet, Governmental Conduct Act, Procurement Code Regulations of the General Services Department).  Lopez' theories on program management and procurement compliance have not been published, tested, or subjected to peer review.  The only publication that she authored is a "workbook" compiling the relevant statutes and regulations.  See id. at 92-93.

## LAW ON EXPERT WITNESSES

In Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), the Supreme Court of the United States held that rule 702 of the Federal Rules of Evidence allows the admission in evidence of scientific evidence only if it is relevant and reliable.  See 509 U.S. at 589 (interpreting rule 702 to require that the trial court screen proffered expert testimony to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.").  To assist trial courts in determining whether an experts' proffered testimony met the requirement of "scientific knowledge," the Supreme Court listed a number of non-exhaustive factors that a trial court should take into consideration when evaluating an experts' proffered testimony.  These factors include: (i) whether the experts' technique or theory can be or has been tested; (ii) whether the technique or theory has been subject to peer review and publication; (iii) the known or potential rate of error of the technique or theory when applied; (iv) the existence and maintenance of standards and controls;

and (v) whether the technique or theory has been generally accepted in the scientific community. See id. at 593-94.

In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999), the Supreme Court extended the reliability and relevance requirements to all expert testimony. See id. at 141. The Supreme Court in Kumho Tire Co., Ltd. v. Carmichael held:

> [A] trial court may consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in *Daubert*, the test of reliability is "flexible," and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination.

Id. at 141-42. The Supreme Court in Kumho stressed that the relevancy and reliability concerns, in addition to the Daubert factors, may also focus on personal knowledge or experience. See id. at 150 ("As the Solicitor General points out, there are many different kinds of experts, and many different kinds of expertise.").

After the Supreme Court's decisions in Kumho and Daubert, Congress amended rule 702. Rule 702 now provides:

> If the scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data; (2) the testimony is the product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

## **ANALYSIS**

To testify, Lopez must demonstrate that she is an expert, that her opinions will assist the trier of fact in determining a relevant issue, and her testimony must be reliable. The Defendants contend

that the Court should exclude Lopez' testimony because it does not meet rule 702's criteria, and because her testimony is unreliable and will not assist the jury in its determination of any fact. Baca has shown, however, that the proffered testimony is sufficiently relevant and reliable to issues that will go to the jury, and the Court will not exclude her testimony.

**I.      LOPEZ MAY TESTIFY AS A FACT WITNESS.**

Baca contends that Lopez is, not only an expert witness, but a fact witness. Baca wants Lopez to testify as to the contents of the contracts between the New Mexico Highway Department, the New Mexico Department of Health, and CIPRE. Specifically, Baca wants Staley to testify that Jamie Michael was not named in the contracts between the New Mexico Highway Department, the New Mexico Department of Health, and CIPRE. See Transcript at 21:17 - 24:20. Sklar has not challenged Lopez as a fact witness in his motion in limine, but focuses on her expert testimony. The Court will therefore not preclude her expert testimony. The Court will deal with any relevancy objections at trial.

**II.     LOPEZ IS QUALIFIED AS AN EXPERT.**

The Defendants argue that Lopez is not qualified as an expert. The Court, however, believes that Lopez is qualified to testify as an expert on procurement practices in New Mexico. Lopez received some education regarding procurement and she has considerable experience. She developed her expertise in the real world, in a busy state agency which does substantial business with the University. Unless the Court were to say that no expert on procurement practices in New Mexico should testify in federal court, it would be difficult to find an expert who has more expertise than Lopez.

The Defendants do not dispute that Lopez is capable and competent at what she does. The

Defendants' procurement representative concedes her expertise:

> Q: Do you have any opinion, based on anything you know about [Lopez] or you've read about her, as to whether or not she's an expert?
>
> A: She's the procurement officer for the highway department.
>
> Q: Then what?
>
> A: Then she should be pretty good.

Deposition of Bruce Cherrin at 67:12-20 (taken March 21, 2003). Most of the people who work in state government and have expertise in procurement secured that expertise by being on the job and working in that field in state or state government, universities, or public agencies. There is nothing to suggest that Lopez is not capable and competent.

Most, if not all, of the Defendant's arguments go to the weight or importance or helpfulness of Lopez expertise or testimony, rather than whether she is an expert. This area of public service is specialized. A typical jury will not have knowledge of procurement issues that the participants in this case will have. Based on Lopez' personal knowledge and extensive work experience, the Court concludes that Lopez is an expert on procurement practices in New Mexico. As the Supreme Court explained in Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. at 150, "there are many different kinds of experts, and many different kinds of expertise." Lopez has sufficient expertise to testify as an expert witness.

### III.   LOPEZ' TESTIMONY WILL ASSIST THE TRIER OF FACT.

The Court believes that Lopez' testimony will be helpful to the jury. Not everyone, even in state government, understands procurement. Government procurement is a specialized area and an explanation of this area by a qualified expert will be helpful. It will be helpful to have an expert

explain some of these issues, lay some groundwork, and provide an overall framework. An understanding of procurement will assist the jury in understanding Baca's situation and the nature of his speech activities.

### IV.    LOPEZ TESTIMONY IS RELEVANT.

The Defendants assert that Lopez' proposed opinions are irrelevant. They argue that the opinions go to tangential issues -- whether Baca should have been concerned about procurement procedures at the University. The Court, however, believes that jury needs to understand procurement procedures to understand the circumstances and motivations of the parties. The Defendants attempt to minimize the importance of Baca's speech or argue it was inaccurate. Lopez' offers opinions that shed light on the meaning and import of Baca's speech activities.

The Court will not therefore summarily exclude Lopez' testimony. The Court cautions, however, that some of Lopez' proposed opinions seem tangential to the issues in Baca's case. The Court will continue to evaluate the relevancy of Lopez' opinions in the context of the trial.

Lopez will need to be careful that she does not offer legal opinions. A procurement person will, however, have knowledge about what can and can't be done under the Code. Lopez can testify about what are the normal and proper ways of entering into state contracts. She can also talk about whether certain things would not be proper under the Procurement Code and when a review is necessary.

### IV.    LOPEZ' TESTIMONY IS RELIABLE.

The Defendants argue that Lopez' proposed opinions are not reliable. In their motion and at the hearing on the motion, the Defendants identified a number of opinions they assert are unreliable. The Court believes, however, that Lopez' can reliably testify about the regular and proper

ways of entering into state contracts and about what actions are proper under the Procurement Code.

In reaching her opinions, Lopez reviewed initial disclosures, answers to interrogatories, responses to requests for production, depositions, and relevant contracts. See Lopez' Expert Report. She also reviewed the Procurement Code, a Procurement Code workshop booklet, the Governmental Conduct Act, and the Procurement Code Regulations of the General Services Department. Lopez' testimony is based on sufficient facts and data. See Lopez Depo. at 46-54:4. Lopez' formed opinions based on her experience and personal knowledge of procurement practices. The Court concludes that her testimony is reliable.

Lopez must be careful, however, not to vouch for facts. She can state what facts she assumes and give opinions, but fact finding is for the jury.

**IT IS ORDERED** that the Defendants' Motion in Limine, filed June 1, 2005 (Doc. 122).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kathryn Hammel
The Hammel Law Firm, P.C.
Albuquerque, New Mexico

   *Attorney for the Plaintiff*

John M. Wells
Law Offices of John M. Wells, P.A.
Albuquerque, New Mexico

   *Attorneys for the Defendants*