IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PATRICK J. BACA,

       Plaintiff,

vs.                                                                                                    No. CIV 02-1002 JB/ACT

DAVID SKLAR and the BOARD OF
REGENTS OF THE UNIVERSITY OF
NEW MEXICO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Elizabeth Staley's Notice of Non-Appearance, filed July 28, 2005 (Doc. 139); and (ii) the Motion for Protective Order, Reconsideration of Pre-Trial Order for Testimony of Elizabeth Staley & for Order to Show Cause, filed July 28, 2005 (Doc. 140). The Court held an evidentiary hearing on this motion on August 9, 2005. The primary issue is whether the Court should excuse Staley from testifying in the trial. Because Staley has not explained why her circumstances justify excusing her from her duty to provide truthful testimony in this case, the Court will deny her motion.

## FACTUAL BACKGROUND

Staley contends that material facts, which the parties know, have not been made known to the Court. It is not at all clear, however, that Sklar has knowledge with respect to many of the allegations in Staley's motion. Baca may be equally ignorant. That may be the case because much of what Staley discusses is not relevant to the issues left to be tried.

Staley was an in-house attorney for the University of New Mexico. The University hired

Deborah Wells, an attorney, to investigate another attorney's age discrimination complaint against the University. Staley contends that, on May 11, 2004, after she provided a truthful written statement to Wells on April 16, 2004, the University placed her on administrative leave.

On May 20, 2004, Staley filed a retaliation charge against the University with the Albuquerque office of the Equal Employment Opportunity Commission. Staley contends that on June 9, 2004, she was wrongfully served with a Notice of Contemplated Action ("NCA") proposing to discharge her for demonstrably false reasons, in retaliation for her honest and truthful statements in support of the other attorney's age discrimination charges.

Staley contends that, since the University served her with the Notice, it has denied her access to her physical office, notes, e-mail, and personal files. In December 2004, the University made available to Staley some of her personal possessions; however, the University has, despite her request for the return of the items and the University's acknowledgment that it has retained possession of items it promised to return, retained for over a year her personal property, including her research files and artwork.

Staley states that, on August 9, 2004, after she refuted the allegedly baseless and retaliatory allegations in the June 9, 2004 NCA, the University, through its agents and officials, demanded that Staley provide, as a witness, a statement in an unrelated plagiarism investigation. Staley contends that the University's officials and agents continued to refuse her access to her office, notes, e-mails, or any other documents that might have assisted in her preparation of the written statement they demanded.

On September 2, 2004, the University served Staley with a Second NCA. The University's Second NCA proposed to discharge her for alleged inconsistencies in the statement that she asserts

she provided in good faith regarding the plagiarism investigation. Staley states that she was relying solely upon her memory of events which occurred approximately a year earlier and that there were documents available in her office and on her computer e-mail account, all of which were in the University's sole custody and control, which would have assisted her in providing a complete and accurate statement.

On Friday, October 29, 2004, after 4:00 p.m., the University notified Staley that she was discharged immediately, without the usual two weeks notice. Staley contends that the University has been committing illegal retaliatory actions against her, including terminating her.

On November 17, 2004, Staley filed a lawsuit in federal court, alleging violation of her rights under Title VII by the University. See Staley v. Regents of the University of New Mexico, No. CIV-04-1301 JP/LFG (D.N.M.). She is represented by Phillip Davis in that action. The University is a defendant in this action and in Staley's action.

Staley represents that she is without substantial income because the University wrongfully discharged her. She states that she has retained counsel at her own expense to represent her against the University to recover, among other things, back pay and reinstatement. She states that she cannot afford to pay another attorney.

**PROCEDURAL BACKGROUND**

Staley is not a party to this lawsuit. In the Initial Pre-Trial Report, Baca identified Staley as one of his witnesses. See Intial Pre-Trial Report, at 9, filed November 27, 2002 (Doc. 16). She asserts that the University did not notify her that her testimony was being sought in this case. Before Judge Browning was assigned to the case, the Defendants moved for a protective order precluding Staley's deposition. See Defendants' Motion and Memorandum Brief for Protective Order, filed

December 13, 2002 (Doc. 23). The Honorable Lorenzo F. Garcia, Chief United States Magistrate Judge, granted in part and denied in part the Defendants' motion. See Memorandum Order and Opinion Granting in Part and Denying in Part Defendant's Motion for Protective Order, filed February 19, 2003 (Doc. 40). Judge Garcia "grant[ed] the motion to the extent that Baca [sought] to invade the attorney-client privilege" and denied the motion "to the extent that Baca [sought] to obtain factual information and corroborate his assertions of free speech." Id. at 5.

Similarly, Staley asserts that in Rogers v. University of New Mexico, No. Civ. 04-216 JC/LFG, the University did not inform Staley that her deposition was being sought, that a protective order had been filed in September 2004 on her behalf, See Motion for Protective Order, Rogers v. University of New Mexico, No. Civ. 04-216 JC/LFG, filed December 30, 2004 (Doc. 68); Notice of Non Appearance, Rogers v. University of New Mexico, No. Civ. 04-216 JC/LFG, filed December 30, 2004 (Doc. 69), or that the Honorable Lorenzo F. Garcia, Chief Magistrate Judge, had entered an order requiring her to testify, see Memorandum Order and Opinion, filed October 22, 2004 (Doc. 61).

Staley contends that she first heard about Rogers' demand for her deposition in December 2004, when Rogers' counsel contacted Mr. Davis. When Rogers' counsel contacted Mr. Davis, Mr. Davis requested the University provide outside defense counsel for her. Mr. Davis was told that, although Staley was in an adversarial position with the University and the deposition involved facts and circumstances related to her duties as a University employee, the University would not provide outside counsel for Staley in the Rogers v. University of New Mexico cause of action.

As a response to the University's refusal to provide independent defense counsel for her, Staley filed a Motion for Protective Order and requested reconsideration of the court's order

requiring her testimony at a deposition.  See Rogers v. University of New Mexico, Motion for Protective Order, Reconsideration of Order Granting Deposition of Elizabeth Staley & for Order to Show Cause, filed December 30, 2004 (Doc. 68).  Staley argued that the University and its counsel did not inform the court that the University had fired Staley, that she was no longer an employee of the University, and that Staley's interests had become adverse to the University's.  Before ruling on Staley's motion for protective order, the Honorable John E. Conway, Senior United States District Judge, granted summary judgment on Rogers' claims and remanded the remaining claims to state court.

Staley's deposition in this matter was taken on March 26, 2003.  Staley contends that, as a result of the University's and its counsel's actions and inactions, she was denied the opportunity to read and sign her deposition.  Staley asserts that she has also been denied the opportunity to prepare her testimony and defense.

On July 8, 2005, the Court filed the Pre-Trial Order in this matter.  See (Doc. 127).  In the Pre-Trial Order, both Baca and Sklar designate Staley as a witness at trial.  Both parties indicate that she is counsel for the University.  The parties did not update the Court regarding Staley's employment status with the University.

The Defendants did not inform or notify Staley that she would be called as a witness or that she needed to seek separate counsel.  The University did not notify Staley of the proceedings, did not invite her to be heard in the pre-trial proceeding, did not inform her of any representations it had made either on her behalf or that involve her participation in any legal proceedings, and again refused to retain and pay for independent defense counsel for testimony relating to her job duties while a University employee.

Staley has now retained another lawyer, Amy Landau, for the purpose of trying to pressure the University into paying for another lawyer to represent her for purposes of her testimony in this case. Staley represents that the University has delayed all meetings with Staley until August 12, 2005, after jury selection on August 8, 2005. Despite her demands, Baca's counsel and the Defendants' counsel have refused to remove her from their witness list. See Letter from Amy Landau to Kathryn A. Hammel, Lee K. Peifer, Robert Bienstock, John M. Wells, and Sean Olivas (dated July 26, 2005); Letter from Kathryn Hammel to Amy Landau (dated July 27, 2005). At the time Staley filed her motion, the Defendants' counsel had not responded to her request. Staley filed a Notice of Non-Appearance for her trial testimony, purportedly in compliance with rule 26 of the Federal Rules of Civil Procedure and local rule 30.2.

Sklar's counsel represents that he has been unable to serve Staley with a subpoena. Sklar's counsel represents that he has attempted repeatedly, through the University's in-house counsel, to obtain an address or telephone number by which he could contact Staley. The University is unwilling, if it can, to provide an address or telephone number for Staley out of concern that such a disclosure would violate her right to privacy and create additional grounds for a cause of action against the University.

Sklar's counsel believes that Staley is married to Jim Belshaw, a writer for the Albuquerque Journal. The Albuquerque telephone directory does not list Belshaw's or Staley's name, address, or telephone number. Sklar's counsel states that he will continue to attempt service of a subpoena upon Staley, but if he is unable to do so, requests that the Court allow him to read portions of her deposition at trial.

Staley moves, pursuant to rule 26 of the Federal Rules of Civil Procedure, for entry of a

protective order precluding her testimony, both in person and by her March 26, 2003 deposition. She asks to be excused from testifying in this case. Her attorney makes a limited appearance in this matter for this motion's purposes only. Staley also asks for an order directing the Board of Regents to show cause why, because of the conflict of interest that the University created between it and her, they have refused to provide her independent defense counsel, and why the Court should not require the University to retain independent legal counsel to defend her regarding her job duties while the University employed her. Staley further requests the Court to enter an order awarding her attorneys' fees and costs against the University for having to make this motion.

Baca takes no position whether Staley is entitled to legal counsel paid by the University, but otherwise does not concur in this motion. Sklar opposes this motion.

At the hearing on the motion, Statley said she was not avoiding service and provided her physical address. See Transcript of Hearing, 20:18-22 .[1] She denied that Mr. Davies had authority to accept service on her behalf in this matter. See id at 21:11-15.

## ANALYSIS

Without citing any caselaw, Staley presents a number of reasons why the Court should excuse her from testifying at trial. None of them, alone or cumulatively, justify excusing her from her duty to come to court and give her testimony as a fact witness. Staley is not entitled to a protective order and must appear when summoned to court.

**1.      Staley is a Fact Witness.**

Staley does not need to prepare a defense. Staley is a fact witness. The parties are calling

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

Staley to tell the truth about her participation in the events involving Baca. Staley's testimony should relate to her job duties and actions taken within the course and scope of her work as an attorney for the University.

Staleys' testimony should not vary based on whom her employer is. The Court also does not find Staley's contention that testifying in this case will be unduly burdensome for her to be sound. Everyone has an obligation to come to court and give testimony about matters which they have witnessed. See United States v. Calandra, 414 U.S. 338, 345 (1973) ("The duty to testify has long been recognized as a basic obligation that every citizen owes his Government.")(citing Blackmer v. United States, 284 U.S. 421, 438 (1932); United States v. Bryan, 339 U.S. 323, 331 (1950)). Staley has not made a sufficient showing why the Court should excuse her from fulfilling her duty. Many witnesses have issues with one or more of the parties, and Staley's burden is not undue or extraordinary.

### 2. Staley's Adversity to the University.

The University's interests in this action may be adverse to Staley's interests; her testimony may be adverse to the University. Staley contends that, if the Court requires her to testify, such testimony will severely damage her and cause her to incur enormous undue burden and expense. Staley argues that, if she is required to testify at the trial, she will be severely prejudiced and damaged by the University's actions in this case.

Staley suggests that, because she is now in a position adverse to the University, her testimony will exacerbate her retaliation damages. The Court has difficulty seeing how that could be the case. The Court does not think that appearing as a witness in this case as a witness for one or both parties is likely to be an element of damages in her case.

The Court sees at trial many witnesses who are adverse to one or more of the parties. There is nothing particularly unusual or extraordinary about Staley's situation. The Court has difficulty seeing how she will be unduly damaged, burdened, or prejudiced by what she is being asked to do.

### 3. Conflicts of Interest.

Staley argues that the University is attempting to put Mr. Davis in a conflict of interest by having him represent Staley and the University in her testimony. But this does not accurately reflect what a witness should be doing at trial. Staley has been subpoenaed to tell the truth, not to represent a party. If Mr. Davis assists her, he will not be representing anyone but her, and she will not be representing anyone. There is no legal conflict.

### 4. Ethical Duties.

Staley contends that, after the University fired her on October 29, 2004, the University's counsel had a duty to inform the Court of the changed conditions regarding her employment status. Staley maintains that this duty to inform is a legal and ethical duty. Staley argues that the University and its counsel breached both legal and ethical duties by not notifying Staley in sufficient time to properly prepare for her defense and to file a motion in her action to have the Court require the University to provide independent defense counsel in this case. See Letter from Kathryn A. Hammel to Amy Landau ¶ 5, at 1 (July 27, 2005).

While the parties could have been more accurate in the Pre-Trial Order, there is no evidence of an intentional misrepresentation to the Court about Staley's current situation or the status of her employment. Sklar's listing of her address at the University was merely an oversight on his counsel's part. The Pre-Trial Order's purpose is to notify the parties whom will be called and to help the Court make certain it does not have a conflict. There was no confusion with the listing of Staley, and the

Pre-Trial Order has served its purpose.

**5.     Documents in the University's Custody.**

Staley also maintains that the Court will be denied essential facts and evidence as a result of the University's failure to disclose to the Court her true status in relation to the University, and of the University's refusal and failure to provide and pay for independent defense counsel for her. She maintains that, to properly respond to Baca's counsel's deposition and trial questions, she needs to review information that is in the University's sole custody and control, and which the University has denied her access for more than fourteen months.

The Court has confidence in the adversarial process. The Court is confident that the parties will expose the Court and the jury to the essential facts and evidence. If anything, the Court is worried that the parties and the witnesses will attempt to try issues and to introduce facts that are not relevant to decide the First Amendment claim that remains to be tried.

**6.     Staley's Case.**

Staley represents that, despite the limited description of her testimony in Baca's portion of the Pre-Trial Order, Baca's counsel proposes to question Staley about her own action against the University. Staley alleges this questioning will prejudice her by allowing the Defendants' free discovery in her action. Staley contends that the actions of Baca's counsel, of the Defendants' counsel, and of the University in this case are material to Staley's allegedly unlawful termination and her lawsuit. She contends that both Baca and the University are oppressing her, creating an undue burden and expense upon her, both legally and financially. Staley contends that it is highly likely that the attorneys for the parties in this case will be material witnesses in her case and that therefore the Court should not allow them to proceed to take Staley's testimony in this case under the

circumstances.

Staley also contends that the Defendants' counsel knows or should have known that Baca's counsel intends to question Staley regarding her own litigation, and to try to impeach her credibility relating to actions taken within the course and scope of her job duties while employed by the University. Staley contends that, if Baca proves his allegations, which Staley denies, her testimony could be used to support the University's actions in its pending case against Staley.

It remains unclear to the Court why Staley's testimony would prejudice her case against the University. There is always the possibility that parallel cases create problems, both tactically and strategically. But that should not prevent Staley from presenting the truth here. The only requirement on Staley in this case is that she tell the truth, both with respect to her involvement in discussions with Baca and with respect to matters related to her own termination. If the parties begin to try Staley's case rather than Baca's, the Court will be alert to relevancy objections.

### 7. **Independent Counsel.**

Staley argues that, if she is required to testify about the matters that were within the scope of her employment without the assistance of independent counsel, paid for by the Defendants, she will be deprived of her right to have a confidential relationship with legal counsel. She points out that the Defendants' attorney has a legal duty to share any information that Staley provides to him in confidence with the Defendants, who retained him and pay his fees. Staley argues that she must not be deprived of the rights and privileges inherent in the attorney-client relationship by being forced to share legal representation with the University and its representatives, the same parties who allegedly engaged in illegal action against her and which actions form the basis of her lawsuit against the University.

Staley has retained able counsel, Mr. Davis, to bring her retaliation lawsuit. Mr. Davis is most likely on a contingency arrangement in her case and wants to be paid by the hour for any work in this case. Staley probably does not want to pay Mr. Davis for this work. This development suggests that Mr. Davis does not believe Staley's testimony will affect her case. In any case, Mr. Davis is free to come to this trial with her if he chooses.

Staley does not explain why the University has a duty to provide independent defense counsel for her in this case. Staley has not cited any authority for the Court to order one of the parties to pay for a witness' own counsel. Staley does not point to any contractual basis for her request.

Staley has two counsel, which is more than most fact witnesses have. And Sklar's counsel is willing to discuss her testimony with her if she will contact him. There is no sound basis for the Court to shift the costs of a third attorney to the Defendants.

### 8.     Making Staley Available for Service.

Sklar requests that the Court require Staley to make herself available for service of a subpoena. Baca has represented that he has successfully served Staley. There is no evidence before the Court that she is avoiding service. The Court will deny Sklar's request at this time.

### 9.     Staley's Deposition.

Sklar asks that the Court allow him to read portions of her deposition testimony at trial if he is unable to serve her. Sklar has not, at this point, made the necessary showing of unavailability under rule 804(a) of the Federal Rules of Evidence. Accordingly, the Court will deny Sklar's request at this time.

**IT IS ORDERED** that Elizabeth Staley's Motion for Protective Order, Reconsideration of Pre-Trial Order for Testimony of Elizabeth Staley & for Order to Show Cause is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kathryn A. Hammel
The Hammel Law Firm, P.C.
Albuquerque, New Mexico

    *Attorney for the Plaintiff*


John M. Wells
Albuquerque, New Mexico

    *Attorneys for the Defendants*


Amy Landau
Albuquerque, New Mexico

    *Attorney for Elizabeth Staley*